[Cite as *In re J.S.*, 2019-Ohio-2365.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re J.S.

Court of Appeals No. L-18-1234

Trial Court No. DL 18270307

**DECISION AND JUDGMENT**

Decided:  June 14, 2019

* * * * *

Timothy Young, Ohio Public Defender, and Lauren Hammersmith,
Assistant State Public Defender, for appellant.

Julia R. Bates, Lucas County Prosecuting Attorney, and
Padraic McClure, Assistant Prosecuting Attorney, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, J.S., appeals the November 1, 2018 judgment of the Lucas

County Court of Common Pleas, Juvenile Division, finding him delinquent for acts which

would be considered felonious assault in violation of R.C. 2903.11(A)(2), a felony of the

second degree if committed by an adult. For the reasons that follow, we reverse and remand.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

1. The juvenile court erred when it accepted J.S.'s admission which was not knowingly, intelligently, and voluntarily given, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution; Article I, Section 10 and 16 of the Ohio Constitution; and Juv.R. 29. (A-1; 9/13/2018 T. pp. 13-18).

2. J.S. was denied the effective assistance of counsel when trial counsel failed to object to the juvenile court's insufficient plea colloquy. Sixth and Fourteenth Amendments to the U.S Constitution; Article I, Section 10 of the Ohio Constitution. (A-1; 9/13/2018 T. pp. 13-18).

## Background

{¶ 3} In August of 2018, appellant pushed his brother down to the ground and hit him twice with a gun on the back of the head.

{¶ 4} Appellant was charged with domestic violence in violation of R.C. 2919.25, a felony of the fourth degree if committed by an adult; and felonious assault in violation of R.C. 2903.11, a felony of the second degree if committed by an adult; which also carried a firearm specification pursuant to R.C. 2941.145.

2.

{¶ 5} Appellant appeared before a magistrate on September 13, 2018, admitting to assaulting his brother. Appellee dismissed the domestic violence in exchange for the admission. The trial court conducted its colloquy and adjudicated appellant delinquent, and dismissed the domestic violence. The decisions were journalized that same day.

{¶ 6} On September 27, 2018, a dispositional hearing occurred and the court ordered appellant committed to the Department of Youth Services for a minimum of one year up to age 21 for the felonious assault, and to three years for the firearm specification. The entry reflecting disposition was journalized on October 2, 2018.

{¶ 7} On November 1, 2018, the court adopted the magistrate's September 13, 2018 decisions. Appellant timely appeals.

**Analysis**

{¶ 8} In the first assigned error, appellant challenges the colloquy given by the magistrate on September 13, 2018. Appellee concedes the court failed to fully inform appellant.

{¶ 9} Juv.R. 29(D)(2) states "[t]he court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining" that "[t]he party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing[.]"

{¶ 10} "An admission in a juvenile proceeding, pursuant to Juv.R. 29, is analogous to a guilty plea made by an adult pursuant to Crim.R. 11 in that both require that a trial

3.

court personally address the defendant on the record with respect to the issues set forth in the rules." *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 112, quoting *In re Smith*, 3d Dist. Union No. 14-05-33, 2006-Ohio-2788.

{¶ 11} The Supreme Court of Ohio has held that "in a juvenile delinquency case, the preferred practice is strict compliance with Juv.R. 29(D)[,]" and that "if the trial court substantially complies with Juv.R. 29(D) in accepting an admission by a juvenile, the plea will be deemed voluntary absent a showing of prejudice by the juvenile or a showing that the totality of the circumstances does not support a finding of a valid waiver." *Id.* at ¶ 113.

{¶ 12} Here, appellant specifically argues that the trial court failed to substantially comply with Juv.R. 29(D), by not explaining that he was waiving his rights to challenge the witnesses and evidence, to remain silent, and to introduce evidence at the adjudicatory hearing. Appellee concedes the trial court did not satisfy the requirements imposed by Juv.R. 29.

{¶ 13} Accordingly, we find appellant's first assignment of error well-taken. As a result, the second assigned error is moot and we will not address it. *See* App.R. 12(A)(1)(c).

4.

**Conclusion**

**{¶ 14}** The judgment of the Juvenile Division of the Lucas County Court of Common Pleas is reversed, and the matter is remanded to the trial court for proceedings consistent with this decision.  Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

Arlene Singer, J. _____

Thomas J. Osowik, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.